■ In the Matter of Trina Wilson and Another. Commissioner of Social Services of the City of New York, Appellant. — Order, Family Court, New York City Foster Care Review Term (M. Holt Meyer, J.), entered January 25, 1983, which denied a motion by the Commissioner of Social Services of the City of New York to vacate a December 8, 1982 order directing the commissioner to show cause why he should not be held in criminal contempt, unanimously reversed, on the law, without costs or disbursements, and the motion granted. Although in no way condoning the failure of the Bureau of Child Welfare (now known as the Office of Special Services for Children) to initiate termination proceedings, as directed, we vacate the order to show cause seeking to hold the Commissioner of Social Services of the City of New York in contempt for said failure in accordance with our decision in *Matter of Murray* (98 AD2d 93). The Family Court lacks the power to treat a violation of one of its orders as a contempt when another statutory remedy is available for the violation. (See Family Ct Act, § 156.) Such is the case here where the 1975 orders, upon which the contempt proceeding is based, expressly provided that if the Bureau of Child Welfare failed to institute termination proceedings within 30 days the foster parents could institute such proceedings. In so providing the orders tracked the language of section 392 (subd 7, former par [c]) of the Social Services Law which provided a 30-day period for agency action before the foster parents could institute a termination proceeding on their own. The availability of this statutory remedy without a further directive to the bureau (commissioner) bars the imposition of the contempt sanction. The order to

show cause was also defective in that it failed to allege facts from which a willful and contumacious violation of the underlying order may be inferred, as is required for criminal contempt. Concur — Sullivan, J. P., Ross, Carro and Milonas, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur in the result on the basis only that the order to the commissioner was not absolute and provided for an alternative.