*1095 OPINION OF THE COURT
Salvatore R. Mosca, J.
This matter is presently before the court for confirmation of a Hearing Examiner’s findings, made ostensibly pursuant to Family Court Act § 156, and for the imposition of an order of commitment. Also before the court are respondent’s objections to the Hearing Examiner’s award of counsel fees.
The decision, findings and order of the Hearing Examiner were transmitted to the court unaccompanied by a transcript of the hearing. This led the court to inquire what the appropriate procedure would be (where no transcript was provided) to confirm the Hearing Examiner’s findings.* As the inquiry progressed, it became apparent that this was not the real issue but was merely symptomatic of a more fundamental issue and, therefore, that problem is not resolved here. However, the questions that are ultimately addressed are an outgrowth of that initial inquiry.
The questions presented and considered are whether after a hearing on a petition for violation of a court order of support wherein enforcement by commitment of the respondent is sought:
1. A Hearing Examiner’s order "that the determination pursuant to Section 156 of the Family Court Act made herein that respondent willfully failed to obey an order of the Court, is hereby referred to a Judge of the Court for confirmation in accordance with Section 439 subdivision (a) of this Act”, accompanied by a recommendation that the respondent be committed, is valid, and if not
2. What should the appropriate order and the subsequent procedure thereon be?
These questions have undoubtedly been addressed and resolved, in many instances perhaps, in different ways by other courts. However, to this court’s knowledge, no reported opinion has addressed the issue.
After extensive hearings, wherein both sides were represented by counsel, the Hearing Examiner found, inter alla, that the respondent had willfully failed to obey the order of support and dismissed respondent’s petitions for a downward modification, awarded petitioner counsel fees, recommended respondent be committed to 90 days in the Nassau County Jail, and ordered that the determination pursuant to section *1096 156 of the Family Court Act, made herein, that respondent willfully failed to obey an order of the court, is hereby referred to a Judge of the court for confirmation in accordance with section 439 (a) of said Act.
Family Court Act § 439 (a) provides in pertinent part as follows: "Except as hereinafter provided, hearing examiners shall be empowered to hear, determine and grant any relief within the powers of the court in any proceeding under this article * * *. Hearing examiners shall not be empowered to hear, determine and grant any relief with respect to issues specified in section four hundred fifty-five of this act * * *. A hearing examiner shall have the authority to make a determination that any person before the said examiner is in violation of an order of the court as authorized by section one hundred fifty-six of this act subject to confirmation by a judge of the court who shall impose any punishment for such violation as provided by law.” (Emphasis added.)
Family Court Act § 156 states that "The provisions of the Judiciary Law relating to civil and criminal contempts shall apply * * * unless a specific punishment or other remedy for such violation is provided in this act or any other law.” This section is self-limiting and by its own terms is made applicable only when no other statutory remedy for a violation is provided. This restriction applies equally to the court as well as a Hearing Examiner. It explicitly denies both the power to punish for contempt when another statutory remedy is available for the violation (Matter of Wilson, 98 AD2d 666 [1st Dept 1983]). The provision in section 439 (a) of the Family Court Act which grants a Hearing Examiner the authority to proceed pursuant to section 156 is undoubtedly intended to provide a Hearing Examiner, through contempt proceedings, the means to conduct and control the proceedings before the Hearing Examiner.
In Matter of Aftuck v Aftuck (100 AD2d 672, 674 [3d Dept 1984]) dealing with a situation where the Family Court resorted to using contempt remedies for violation of its order the court stated "Section 454 of the Family Court Act provides a remedy for the violation of an order of Family Court and section 156 of that act, which directs the contempt provisions of the Judiciary Law to be used where the Family Court Act fails to provide an appropriate punishment, is thus inapplicable.”
Applying the principles enumerated, it follows that neither *1097 the court nor a Hearing Examiner can treat a violation of a support order as a contempt and that section 156 of the Family Court Act is inapplicable to these proceedings. Therefore, the Hearing Examiner’s order notwithstanding, the proceedings before the Hearing Examiner were, of necessity, as authorized by section 454 and not pursuant to section 156. Consequently, that portion of the Hearing Examiner’s order which is under consideration here is not valid.
Consideration then turns to the second question posed, namely, what should the appropriate order and the subsequent procedure thereon be? First, it is noted that a Hearing Examiner is "empowered to hear, determine and grant any relief within the powers of the court” (Family Ct Act § 439 [a]) including the remedies enumerated in section 454 of the Family Court Act, except with respect "to issues specified in” section 455.
The issues specified in the first four subdivisions of section 455 of the Family court Act are applicable only after an order of commitment has been issued or simultaneously with its issuance (Family Ct Act § 455 [1]).
Subdivision (5) of section 455 provides that any respondent may assert his financial inability to comply with an order issued under this article as a defense in a proceeding instituted against him under subdivision (1) (after amendment to section 454 should have been amended to read subdivision [3]) of section 454 of this article. It also provides that if the court is satisfied that the respondent is financially unable to comply with such an order it may modify such order and deny the application to punish the respondent for contempt.
Commitment is not set forth in section 455 of the Family Court Act as an issue per se (unless the section’s caption is to be given such status). However, when the section’s caption is considered together with the over-all tenor of the section, it appears reasonable to conclude that commitment is implicitly an issue specified in section 455.
The issue set forth in subdivision (5) of section 455, namely, financial inability to comply, is an issue which, if asserted, must be determined before an order of commitment may be issued and is, therefore, germane to the question being considered. Section 454 (3) of the Family Court Act provides in pertinent part "Upon a finding * * * that a respondent has willfully failed to obey any lawful order of support” the court may commit the respondent to jail. Consequently, the require *1098 ments of both section 454 (3) and section 455 (5) must be satisfied before a person may be committed to jail for violation of an order of support and it must be found that the person: (1) "willfully failed to obey [a] lawful order of support” (Family Ct Act § 454 [3]), and (2) that he is presently financially able to comply with the order of support and any conditional order of commitment if his present financial inability to comply is raised as a defense (Family Ct Act § 455 [5]; Matter of Rogers v Rogers, 77 AD2d 818 [1980]; Matter of Abbondola v Abbondola, 40 AD2d 976 [1972]; Bamboschek v Bamboschek, 150 Misc 885, mod on other grounds 241 App Div 530 [1934]).
That Hearing Examiners are empowered to determine that a respondent has willfully failed to obey a lawful order of support cannot be seriously questioned. On point, a Hearing Examiner shall, upon finding that the respondent has willfully failed to obey a lawful order of support, order respondent to pay counsel fees to the attorney representing petitioner (Family Ct Act § 454 [3]). It is also equally evident that only the court may determine, if raised as a defense, the question of respondent’s present financial inability to comply and whether to issue an order of commitment (Family Ct Act § 439 [a]; § 455).
All of which leads to the conclusion that the Hearing Examiner must order the matter referred to a Judge for further proceedings pursuant to section 455 and section 454 (3) of the Family Court Act when the Hearing Examiner, after making a determination that the respondent has willfully failed to obey a lawful order of support, recommends incarceration. In the event the Hearing Examiner concludes that incarceration is not warranted, no further proceedings are necessary. Inasmuch as the Hearing Examiner’s recommendation is advisory and not binding on the court, it cannot be said to be objectionable.
It is noted parenthetically that the determination of a Hearing Examiner that a respondent has willfully failed to obey a lawful order of support, like all findings of a Hearing Examiner, is subject to objections being taken thereto in accordance with Family Court Act § 439 (e) and 22 NYCKR 205.37.
Respondent has, with the court’s permission, taken objections only to that portion of the Hearing Examiner’s findings which deal with counsel fees, and waived his right to take objections to the remainder of the Hearing Examiner’s find *1099 ings. After reviewing the testimony of the hearing on counsel fees, respondent’s objections and memorandum of law in relation thereto, it is:
Ordered, that the objections filed herein, in connection with counsel fees, be and are hereby denied.
The parties have been given a full opportunity to present their case. Among other issues, respondent’s present financial inability to comply with the order has been fully addressed. Both sides have rested, each reserving only the right to offer medical testimony regarding respondent’s ability to work and withstand incarceration. The court will continue the hearing for the purpose only of permitting counsel the opportunity to present such medical testimony.
The clerk of the court is directed to place this matter, for continuation of the hearing, on the court’s calendar for June 1,1990 and to notify all parties and their attorneys.

 See Appendix.