In the Matter of VICKI GEARY, Respondent, v GERALD BREEN, Appellant. [621 NYS2d 243] —Order unanimously reversed on the law without costs and matter remitted to Seneca County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced

this proceeding under article 4 of the Family Court Act seeking enforcement of an order of support dated May 27, 1988 that respondent had violated. Respondent filed a cross petition seeking a downward modification of his support obligation based upon an alleged change of circumstances. The matter was referred to a Hearing Examiner, who, after conducting a trial, issued findings of fact dated March 8, 1993. The Hearing Examiner found that respondent willfully failed to obey the May 27, 1988 order and referred the matter to Family Court for disposition pursuant to Family Court Act § 439 (a). The Hearing Examiner further found that respondent owed arrears of $16,847.49 and that his cross petition should be dismissed.

Before the Hearing Examiner's final order was entered and transmitted to the parties, Family Court, over the objection of respondent's counsel, deemed the Hearing Examiner's findings of fact to be the final order, confirmed that "order", adjudicated respondent in contempt of the support order, and committed respondent to the Seneca County Jail for a term of six months. Subsequently, an order was entered purging the contempt after respondent paid $5,000.

The court erred in confirming the findings of fact of the Hearing Examiner before the final order of the Hearing Examiner was entered and transmitted to the parties. The court's action deprived the parties of their statutory right to file written objections to the final order of the Hearing Examiner (see, Family Ct Act § 439 [e]). Objections pursuant to Family Court Act § 439 (e) may be taken to a final order of a Hearing Examiner that a respondent has willfully violated an order of support (see, Matter of Lillian T. v John T., 146 Misc 2d 1094, 1098), and the parties' time to file such objections does not begin to run until the final order of the Hearing Examiner is served with notice of entry (see, Matter of Canfield v Canfield, 185 AD2d 611).

Therefore, the parties must be afforded the opportunity to file written objections, if any, to the final order of the Hearing Examiner. If objections are filed, the opposing party must be afforded 13 days from the service of such objections to file a rebuttal thereto (see, Family Ct Act § 439 [e]). Within 15 days after the rebuttal, if any, is filed, or the time to file the rebuttal has expired, the court shall make its determination in accordance with the provisions of Family Court Act § 439 (e). In view of our determination, we do not address the remaining contentions of the parties. (Appeal from Order of

Seneca County Family Court, Corning, J.—Child Support.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Davis, JJ.