■ DENISE B. REISNER, Appellant, v MURRAY D. REISNER, Respondent. [638 NYS2d 671] —In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Supreme Court, Westchester County (Shapiro, J.), dated October 3, 1995, which, inter alia, incarcerated the appellant for nonpayment of child support and provided that she be released upon posting a cash undertaking of $17,000.

Ordered that the order is modified, on the facts, by deleting from the third decretal paragraph thereof the sum of $17,000 and substituting therefor the sum of $5,000; as so modified, the order is affirmed, without costs or disbursements.

Family Court Act § 454 provides, that if the court is satisfied by competent proof that a person who has been brought to court for failure to obey a court order has done so willfully, the court may commit that person to jail for a term not to exceed six months (see, Family Ct Act § 454 [1], [3] [a]). Furthermore, Family Court Act § 454 (3) (a) states that for purposes of committing that person to a jail term, evidence of a failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation.

In *Matter of Powers v Powers* (86 NY2d 63), the Court of Appeals held that proof that a person has failed to pay support, as ordered, alone established the petitioner's direct case of willful violation, shifting the burden of going forward to the other party (*see, Matter of Powers v Powers, supra,* at 69). In the present case, the wife conceded that she had not paid her child support obligations as part of her claim that she was not in willful violation because she did not have sufficient income to pay the amount of support ordered.

The burden of going forward required the wife to offer some competent, credible evidence of her inability to make the required payments (*see, Matter of Powers v Powers, supra,* at 69-70). A review of the record indicates that the wife offered no credible proof that she was unable to pay the child support awarded to the husband to aid him in the care of the parties' four children, for whom he had primary custody. Therefore, the willful violation was established and the Supreme Court did not err in finding the wife to be in contempt of a previous court order and committing her, pursuant to Family Court Act § 454 (3) (a), to a six-month prison term. However, we are modifying the provision of the order which provided for the wife's release upon the posting of a cash undertaking of $17,000, by reducing that sum to $5,000.

The wife's remaining contentions are without merit or unpreserved for appellate review. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.