■ In the Matter of FRANK THOMASHEFSKY, Petitioner, v SUPREME COURT, KINGS COUNTY, et al., Respondents. [648 NYS2d 949] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit any further proceedings against the petitioner in the matter entitled *People v Frank Thomashefsky* in the Supreme Court, Kings County, under Indictment Nos. 1905/82 and 2568/82.

Motion by the respondents to dismiss the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed as academic, without costs or disbursements (*see, Cosgrove v Hanson,* 58 AD2d 911). Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.

■ In the Matter of ROSE WILKINSON, Respondent, v ROBERT WILKINSON, Appellant. [648 NYS2d 960] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Koenig, J.), dated February 9, 1995, which found him to be in willful violation of an order of support and committed him to the Nassau County Correctional Center for a period of six months.

Ordered that the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the father's failure to pay court-ordered child support constituted prima facie evidence of a willful violation of the support order (*see,* Family Ct Act § 454 [3] [a]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers,* 86 NY2d 63, 69-70; Family Ct Act § 455 [5]). The father, however, failed to present any credible proof that he was financially unable to make the required payments. Contrary to the father's contention, his willful violation of the support order was established by clear and convincing evidence (*see, Reisner v Reisner,* 224 AD2d 602; *Matter of Porcelain v Porcelain,* 143 AD2d 834). Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.