■ In the Matter of BARBARA A. SHAVER, Respondent, v GEORGE M. SHAVER, Appellant. [648 NYS2d 802] —Yesawich Jr., J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered August 15, 1994, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in willful violation of a prior support order.

Barbara Shaver, in her petition, alleged that respondent willfully violated a prior court order directing him to pay $58 per week in support, $60 per week for child care expenses and $10 per week in arrears. While the fact-finding hearing was adjourned, respondent cross-petitioned for a downward modification of the support order. At the conclusion of the fact-finding hearing, the Hearing Examiner found, *inter alia*, that respondent had willfully and intentionally failed to meet his support obligations, and ordered judgment entered against respondent in the amount of $3,644 representing the amount due to petitioner as of February 17, 1994, the last date of the fact-finding hearing. Respondent's modification petition was dismissed for lack of proof. Family Court confirmed the Hearing Examiner's determination and placed respondent on probation for two years (*see*, Family Ct Act § 454 [3] [b]). Respondent appeals; inasmuch as respondent's brief addresses only the propriety of the determination of the violation petition, he is deemed to have waived issues relating to the modification petition (*see, Menio v Akzo Salt*, 217 AD2d 334, 336, n 1).

Respondent's concession that he has failed to pay support as ordered "constitute[s] prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]). This concession, without more, "establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (*Matter of Powers v Powers*, 86 NY2d 63, 69; *see, Reisner v Reisner*, 224 AD2d 602, 603). To satisfy his burden, respondent was required—but failed—"to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers, supra*, at 69-70). Although respondent testified in the violation proceeding when called as an adverse witness on petitioner's case, no credible evidence of his inability to pay was proffered. It is noteworthy, in this regard, that the proof respondent tendered with respect to the difficulties he had purportedly encountered personally and in his business was properly found by Family Court to have little bearing on his ability to pay support, in view of his failure to demonstrate any justification for not obtaining other gainful employment.

The fact that respondent, as of June 30, 1994, was apparently found to be disabled as defined by the Social Security Act (*see,* 42 USC § 1382c [a] [3] [A]) and entitled to benefits, and the further fact that Family Court, in a subsequent proceeding commenced by petitioner alleging that respondent had violated his probation, relied upon that finding of disability in concluding that respondent was not in willful violation of the probation order, has little relevance to the issue at hand. Not only are these matters not in the record before us, but they are not probative of respondent's ability to pay prior to February 1994, the time period embraced by the support violation petition.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.