■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, as Assignee, on Behalf of BRANDY ALBERTSON, Appellant, v VALERIE ALBERTSON, Respondent. (Proceeding No. 1.) In the Matter of COMMISSIONER OF SOCIAL SERVICES, as Assignee, on Behalf of BRANDY ALBERTSON, Appellant, v ANDREW ALBERTSON, Respondent. (Proceeding No. 2.) [650 NYS2d 596] —In two support proceedings pursuant to Family Court Act article 4, the Commissioner of the Dutchess County Department of Social Services appeals from an order of the Family Court, Dutchess County (Pagones, J.), dated October 16, 1995, and entered in both proceedings which denied the Commissioner's objections to two orders of the same court (Winslow, H.E.), dated June 21, 1995, directing the father to pay only $1040 per month in child support and failing to direct the mother to pay any support, and, upon reviewing the record, determined that the Commissioner had not established that the parents were liable for the support of the child, vacated the orders dated June 21, 1995, and dismissed the petitions with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

Family Court Act § 439 (d) provides that the rules of evidence shall be applicable in support proceedings held before Hearing Examiners. Furthermore, the Uniform Rules for Trial Courts (22 NYCRR 205.35), provides that the Hearing Examiner shall conduct a support hearing "in the same manner as a

court trying an issue without a jury in conformance with the procedures set forth in the [CPLR]". In the instant support proceedings, the appellant did not present any sworn testimony or formally introduce any evidence to establish that the respondents owed an obligation to support the subject child as alleged in the support petitions. Accordingly, the Family Court properly dismissed the petitions *(see,* Family Ct Act § 439 [e] [ii]).

In light of the above determination, we need not reach the appellant's remaining contentions. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.