■ In the Matter of SHARON ROTH, Respondent, v RICHARD W. BOWMAN, Appellant. [666 NYS2d 695] —In a child support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Suffolk County (Blass, J.), entered December 6, 1996, which confirmed an order of the same court (Ekadis, H.E.), dated November 20, 1996, finding that the appellant was in willful violation of a prior order of the same court dated January 3, 1996, and directing his incarceration for four months unless he paid $7,500 toward arrears of support on or before December 18, 1996.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appellant's time to purge himself of his contempt is extended until 10 days after service upon him of a copy of this decision and order with notice of entry.

After a hearing, the Hearing Examiner, in a decision dated October 3, 1996, found the appellant to be in willful violation of a prior order of the same court, which directed him to pay child support. The Hearing Examiner entered two orders pursuant to that decision. The first order, entered November 20, 1996, adjourned the dispositional hearing on the issue of contempt to December 4, 1996, and directed the Child Support Enforcement Unit to prepare a judgment. The second order, entered November 27, 1996, *inter alia,* fixed arrears owed by the appellant, and directed the entry of a judgment in the sum of $9,203.36.

The parties appeared for the dispositional hearing on December 4, 1996, before Family Court Judge Blass. At the hearing, the appellant contended that the Family Court could not proceed until his time to file objections pursuant to Family Court Act § 439 (e) had expired. The Family Court noted that the appellant had the right to file objections to the order directing the entry of a judgment, but that the dispositional hearing on the contempt determination could proceed. The Family Court then denied the appellant's application to file objections to the contempt order of the Hearing Examiner entered November 20, 1996, confirmed that order, and directed his incarceration for four months should he fail to pay $7,500 toward arrears on or before December 18, 1996. The appellant's right to file objections to the order entered November 27, 1996, concerning support arrears, was unaffected.

The appellant's primary contention is that the Family Court

Judge could not proceed with confirmation of the Hearing Examiner's findings of contempt until his time to file objections pursuant to Family Court Act § 439 (e) had expired. This argument is without merit.

Pursuant to Family Court Act § 439 (a), a Hearing Examiner lacks jurisdiction to determine certain defenses to a finding of contempt, such as lack of a current ability to pay. Such issues may only be determined by a Family Court Judge (*see, Matter of Lillian T. v John T.,* 146 Misc 2d 1093, 1097). A Family Court Hearing Examiner must refer a contempt determination to a Family Court Judge pursuant to Family Court Act § 439 (a) for confirmation and the imposition of punishment (*see,* Family Ct Act § 439 [a]; *Bracero v Bracero,* NYLJ, Oct. 31, 1997, at 33, col 1; *Junior G. v William G.,* NYLJ, Mar. 4, 1993, at 35, col 1; *Matter of Francesco L.,* NYLJ, July 2, 1993, at 27, col 3). Thus, the determination of a Hearing Examiner recommending incarceration has no force and effect until confirmed. However, for orders of a Hearing Examiner which do not require confirmation by a Family Court Judge, Family Court Act § 439 (e) provides that a party may file objections to such orders, but pending review of the objections "the order of the hearing examiner shall be in full force and effect and no stay of such order shall be granted". Since a determination of a Hearing Examiner recommending incarceration can have no force and effect until confirmed, and could never constitute a "final order", the procedure under Family Court Act § 439 (e) concerning the filing of objections does not apply.

The determination of the Hearing Examiner recommending incarceration, once confirmed, is subject to appellate review on an appeal from the order of the Family Court confirming the determination (*see,* Family Ct Act § 1112). Therefore, precluding the appellant from filing objections pursuant to Family Court Act § 439 (e) does not affect the appellant's right to appellate review of the Hearing Examiner's determination.

To the extent that the decision of the Appellate Division, Fourth Department, in *Matter of Geary v Breen* (210 AD2d 975) holds to the contrary, we decline to follow it.

The appellant's remaining contentions are either unpreserved for appellate review or without merit (*see, Matter of Powers v Powers,* 86 NY2d 63; *Matter of Wilkinson v Wilkinson,* 232 AD2d 572). Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.