■ In the Matter of HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARY LeFEBVRE, Respondent, v ROBERT LeFEBVRE, Appellant. [667 NYS2d 153] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order finding him in willful violation of a lawful order of support issued pursuant to the Uniform Support of Dependents Law ([USDL] Domestic Relations Law art 3-A) and directing that he serve a three-month intermittent term of imprisonment. He contends that Herkimer County Family Court lacked jurisdiction because, when the enforcement proceeding was commenced, he resided in Oneida County and, pursuant to Domestic Relations Law § 37 (4), the proceeding should have been transferred to Oneida County. We disagree.

Family Court has jurisdiction over support proceedings commenced pursuant to the USDL against residents of New York State or persons who are domiciled or found in the State (*see, Domestic Relations Law § 31 [2], [10]; § 34). Section 37 (4),

which provides that a court may transfer a USDL proceeding to another county upon discovering that the respondent cannot be found in the county and that he resides in or is domiciled in another county, relates to venue, not jurisdiction, and is permissive. Moreover, section 37 (4) applies to the commencement of a USDL proceeding, not to a subsequent proceeding to enforce an order of Family Court. Respondent failed to show that he resided in Oneida County when petitioner commenced the USDL proceeding in 1992. Subdivision (13) of section 37 applies to enforcement remedies and provides that a person who has willfully violated a support order shall be punished in the same manner as the law provides for the punishment for contempt or violation of probation "ordered by such court in any other suit or proceeding cognizable by such court." Thus, Herkimer County Family Court had jurisdiction to enforce its own order of support.

We also reject the contention of respondent that the court erred in finding him in willful violation of a lawful order of support. Respondent was directed by Herkimer County Family Court to pay $100 per week for the support of his three children, commencing October 8, 1992. The coordinator of the Herkimer County Support Collection Unit testified that, from October 8, 1992 to the date of the hearing in 1996, respondent made no voluntary payments of support pursuant to that order; that some money was received during 1993 and 1994 by way of an income execution; and that, as of April 17, 1996, which was about five weeks before the hearing, respondent was $17,606.97 in arrears. Petitioner submitted records of the Support Collection Unit showing respondent's history of nonpayment. Petitioner thereby presented prima facie evidence of respondent's willful violation of the support order, shifting the burden to respondent to rebut that prima facie evidence by offering "some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70; *see*, Family Ct Act § 454 [3] [a]). Respondent failed to sustain that burden. He refused to submit a financial disclosure information to the court as directed and, at the hearing, selectively disclosed his circumstances. Although respondent described his stark lifestyle, he failed to divulge the income he received from 1992 through 1996, thereby depriving the court of any meaningful opportunity to assess respondent's ability to pay the amount of court-ordered support. (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Contempt.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.