■ In the Matter of TINA M. DE BOTTIS, Respondent, v ROBERT GATES, Appellant. (Appeal No. 1.) [669 NYS2d 106] —Order unanimously reversed on the law without costs and matter remitted to Ontario County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act § 453, alleging that respondent willfully failed to obey a prior order directing him to pay child support of $377 per month. The Hearing Examiner, without conducting an evidentiary hearing, determined that respondent willfully failed to obey the prior support order and made a recommendation that he be committed to jail for six months, to be suspended as long as he made weekly support payments of at least $125, subject to confirmation by a Judge of Family Court pursuant to Family Court Act § 439 (a). Respondent filed objections to the Hearing Examiner's order of disposition. Thereafter, an affidavit of nonpayment was filed on behalf of petitioner alleging that respondent failed to make payments as directed and asking that the matter be "transferred to a judge". Family Court summarily entered an order committing respondent to jail for six months for his willful failure to obey the prior support order. The order permitted respondent to purge himself upon the payment of a lump sum of $6,250. By separate amended order entered three weeks later, the court denied respondent's objections to the Hearing Examiner's order of disposition.

A determination that a respondent willfully failed to obey a prior support order must be supported by competent proof presented at a hearing (see, Family Ct Act § 454 [1]; Matter of

*Powers v Powers,* 86 NY2d 63, 68-69). That requirement is not met by extensive colloquy. It is settled law that a hearing must "consist of an adducement of proof coupled with an opportunity to rebut it" (*Matter of Schwartz v Schwartz,* 23 AD2d 204, 207). Here, the Hearing Examiner's finding that respondent willfully violated a prior order of support was based on colloquy between the Hearing Examiner, petitioner and a Support Collection Unit caseworker. Not only was there no competent proof before the Hearing Examiner but there was none before the court when respondent was summarily incarcerated. Furthermore, the court incarcerated respondent three weeks before denying his objections to the order of the Hearing Examiner. Both the order and the amended order of Family Court must be reversed and the matter remitted to Ontario County Family Court for further proceedings not inconsistent with this Memorandum. (Appeal from Order of Ontario County Family Court, Henry, Jr., J.—Contempt.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.