■ In the Matter of JOYCE JAFFE, Respondent, v ERNEST G. JAFFE, Appellant. [669 NYS2d 663] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Diamond, J.), dated April 19, 1994, which, *inter alia,* directed that he be incarcerated for nonpayment of child support unless he subsequently paid specified amounts of support arrears by certain dates. By decision and order on motion dated June 3, 1994, this Court stayed the enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is modified by deleting therefrom the words "May 1, 1994", "June 1, 1994", "July 1, 1994", and "August 1, 1994"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings to set new payment deadlines in accordance herewith; and it is further,

Ordered that the stay of enforcement of the order is continued pending the setting of new payment deadlines by the Family Court.

In August 1990 the father was ordered to pay support for his son, Greg. During a hearing pursuant to a violation petition,

the evidence revealed that the father had failed to pay child support on Greg's behalf. Failure to pay support as ordered constitutes " 'prima facie evidence of willful violation' " (*Matter of Powers v Powers,* 86 NY2d 63, 69, quoting Family Ct Act § 454 [3] [a]; *see also, Reisner v Reisner,* 224 AD2d 602). Once prima facie evidence of willful violation had been presented, the burden shifted to the father to offer competent, credible evidence of his inability to make the support payments (*see, Matter of Powers v Powers, supra; Reisner v Reisner, supra*).

The father offered no credible evidence of his inability to pay the court-ordered support during the time that it had accrued. Even assuming the truth of the father's allegation that he was disabled and unable to pay, Greg had reached the age of majority prior to the time that the alleged disability arose. Moreover, the father did not pay support although he had money available. Therefore, willful violation was established (*see, Reisner v Reisner, supra; Matter of Pirie v Law,* 92 AD2d 701) and the Family Court did not err in ordering that the father be incarcerated for 90 days if he failed to pay specific amounts of arrears by May 1, 1994, June 1, 1994, July 1, 1994, and August 1, 1994 (Family Ct Act § 454 [3]). However, in light of the passing of the court-ordered dates of payment, we remit the matter to the Family Court, Nassau County, for a further proceeding to set new payment deadlines. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.