■ In the Matter of LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHERYL LINSNER, Respondent, v SHAUN GRIMMELT, Appellant. (Appeal No. 2.) [678 NYS2d 192] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: We agree with respondent that petitioner did not present sworn testimony or introduce any evidence to establish that respondent violated the support order referred to in the petition (see, Matter of Commissioner of Social Servs. [Albertson] v Albertson, 233 AD2d 441, 442). The support order was neither attached to the petition nor entered in evidence. Moreover, petitioner did not present any evidence from the Support Collection Unit regarding respondent's history of nonpayment, the amount of arrears, the date of respondent's last payment, and whether respondent failed to report his employment and income (see, e.g., Matter of Herkimer County Dept. of Social Servs. [LeFebvre] v LeFebvre, 245 AD2d 1015, lv denied 91 AD2d 811). Although the attorney for petitioner stated at the hearing that he was submitting a "statement" from the Support Collection Unit indicating that respondent's last payment was on December 13, 1995, that document was not introduced into evidence. The only reference to arrears was the unsworn statement of petitioner's attorney at respondent's sentencing that the arrears totalled $15,118 and that the current arrears are $9,758. Family Court erred in determining the amount of arrears based solely on the unsworn statement of petitioner's attorney (see, Matter of Nowacki v Nowacki, 90 AD2d 795, 796; see also, Matter of Schmeling v Schmeling, 178 AD2d 999; Matter of Rensselaer County Dept. of Social Servs. [Cossart] v Cossart, 38 AD2d 635, 636). Although petitioner could call respondent as an adverse witness and prove its direct case through his testimony (see, Matter of Shaver v Shaver, 232 AD2d 813, lv denied 89 NY2d 808), the testimony of respondent did not satisfy petitioner's initial burden of establishing prima facie evidence of a willful violation. Respondent did not concede that he had willfully failed to pay support as ordered (cf., Matter of Shaver v Shaver, supra; Reisner v Reisner, 224 AD2d 602, 603).

The court also erred by summarily incarcerating respondent 11 days before it had confirmed the order of the Hearing Examiner and 33 days before denying respondent's objections (see, Matter of De Bottis v Gates, 247 AD2d 844; Matter of Geary v Breen, 210 AD2d 975, 976). In addition, the court failed to

make its determination regarding respondent's objections in accordance with the time limits of Family Court Act § 439 (e) (*see, Matter of Geary v Breen, supra,* at 976).

The order in appeal No. 2 is therefore reversed and the petition dismissed and the order in appeal No. 1 vacated (*see, Matter of Commissioner of Social Servs. [Albertson] v Albertson, supra; Matter of Commissioner of Social Servs. of Chemung County [Rynkowski] v Pronti,* 227 AD2d 705, 706). In light of our determination, it is unnecessary to address respondent's remaining contention. (Appeal from Order of Livingston County Family Court, Cicoria, J.—Support.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.