■ Penny Brill, Respondent, v Adam Brill, Appellant. [733 NYS2d 871] —In a matrimonial action in which the parties were divorced by an amended judgment dated September 17, 1999, the defendant appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), dated August 29, 2000, which granted the plaintiff's motion to find him in contempt of court for failing to comply with provisions of the amended judgment requiring him to pay child support, child care expenses, and unreimbursed medical expenses.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's argument, the defendant's appeal was not rendered academic by his release from incarceration "[i]nasmuch as enduring consequences potentially flow from [the] order adjudicating [him] in civil contempt" (*Matter of Bickwid v Deutsch,* 87 NY2d 862, 863).

The defendant was properly found in contempt of court for failing to comply with the provisions of the amended judgment dated September 17, 1999, requiring him to pay child support, one-third of the child care expenses, and one-third of the children's unreimbursed medical expenses. The plaintiff sustained her burden of establishing the defendant's ability to make the payments and his failure to do so (*see, Matter of Bickwid v Deutsch,* 229 AD2d 533, 535). The burden then shifted to the defendant, who failed to present any competent, credible proof that he was financially unable to make the required payments (*see, Wilkinson v Wilkinson,* 232 AD2d 572). Thus, the defendant's willful violation of the amended judgment was established by clear and convincing evidence (*see, Wilkinson v Wilkinson, supra; Matter of Bickwid v Deutsch, supra,* at 535).

The defendant's remaining contentions are without merit. S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.