■ In the Matter of MARY L. SAVAGE, Respondent, v BRIEN SAVAGE, Appellant. (And Two Other Related Proceedings.) [795 NYS2d 357]—

Lahtinen, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered October 6, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior child support order.

Petitioner and respondent are the parents of three children, Megan (born in 1982), Christopher (born in 1989) and Erin (born in 1992). In April 2000, respondent was ordered to pay petitioner $142 per week for child support and $10 per week for pro rata medical insurance. In May 2002, respondent sought a reduction of the support order upon the grounds that he was then unemployed and the oldest child was emancipated. In December 2002, petitioner filed two petitions, first, a willful violation proceeding alleging that respondent had failed to make certain payments for child support and medical insurance and, second, a modification proceeding seeking to establish respondent's responsibility for a portion of certain uninsured expenses (such as orthodontic treatment) that she had incurred for the children.

Evidence was initially taken on respondent's modification petition. He testified about losing his job at Lowe's in January 2002, receiving unemployment insurance benefits until July 2002, working for a temporary agency from July 2002 to January 2003, and then returning to unemployment. He stated that, during such time, he paid his obligations to petitioner and he paid over $100 per week support pursuant to an order for another child. He claimed that, when such payments were taken from his current weekly unemployment insurance rate of $289, he was left with less than $20 per week. Petitioner produced a representative from Lowe's who testified that respondent had been terminated after repeated complaints about his job performance.

Next, proof was taken on petitioner's modification and violation petitions. Respondent again testified and acknowledged receiving correspondence from petitioner about uninsured expenses and that he had not paid $15 of such expenses. Petitioner testified briefly, but addressed only the issue of uninsured health-related expenses.

Following the hearing, the Support Magistrate, notwithstanding a finding that the parties' oldest child was emancipated, denied respondent's application to modify support based on the finding that his loss of employment was self-induced. Petitioner's violation petition was granted, respondent was directed to pay counsel fees of $700, and petitioner was granted modification as regards uninsured health-related expenses. Family Court denied respondent's objections to the Support Magistrate's determination. Respondent appeals.

Respondent contends that the evidence in the record does not provide an ample basis for the willful violation determination. A finding of a willful violation must be supported by competent proof presented at a hearing (see Family Ct Act § 454 [1]; *Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]; *Matter of De Bottis v Gates*, 247 AD2d 844, 844-845 [1998]). While respondent acknowledged that he had not paid $15 regarding an uninsured medical expense, the violation petition was premised upon an alleged failure to pay child support and health insurance premiums. Relief regarding uninsured health-related expenses was sought in petitioner's modification petition. Indeed, the Support Magistrate pointed out such fact to petitioner's counsel, resulting in petitioner's counsel requesting to amend the violation petition. That request was denied. Petitioner did not testify as to any payments due for child support or medical insurance nor was any other competent evidence produced regarding such issues at the violation hearing. Since petitioner presented no competent proof of a willful violation, the finding in such regard must be reversed (see *Matter of Armstrong v Belrose*, 9 AD3d 625, 626-627 [2004]). Moreover, the award of counsel fees must also be reversed since it was premised upon the finding of a willful violation. The record does, however, support the relief sought by petitioner in her modification petition regarding uninsured health-related expenses.

Turning to respondent's modification petition, we discern no reason to disregard the Support Magistrate's credibility determination that respondent's decrease in income was self-induced (see *Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]). However, there is insufficient record evidence to sustain Family Court's conclusions that "the unallocated child support need not be reduced under the circumstances" or "respondent's child support obligation for the two unemancipated children would have been substantially larger" if the support obligation were recalculated (see Family Ct Act § 413 [1] [f]). Accordingly, respondent's modification petition must be remitted to Family Court.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found respondent in willful violation of an order of support and awarded counsel fees to petitioner and as dismissed respondent's modification petition; matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.