Matter of DHHS v Mesa (2005 NY Slip Op 51055(U))

[*1]

Matter of DHHS v Mesa

2005 NY Slip Op 51055(U)

Decided on June 30, 2005

Family Court, Monroe County

O'Connor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2005

Family Court, Monroe County
In the Matter of DHHS, o/b/o Sandra L. Duell, Petitioner,
against
David Mesa, Respondent.
F02363-01/04C

Marilyn L. O'Connor, J.
David Mesa filed an objection on May 18, 2005 to the Findings of Fact, Conclusions of Law and Order signed May 9, 2005 by the Support Magistrate. Mr. Mesa objects, arguing that he was not advised to provide a job search log or any type of documentation regarding a job search and that weekend incarceration will deprive him of the only gainful employment opportunity he then had. He calls this "Draconian". There was no rebuttal. Additionally, the May 9, 2005 order of the Support Magistrate in this case properly referred the matter of the respondent's willful violation to the undersigned for a hearing and confirmation, and if appropriate, for the imposition of sanctions in accordances with Family Court Act, §§ 454 and 455. Procedurally, the merits of the Support Magistrate's order were before this court, therefore, in two ways (1) for confirmation required by sections 454 and 455 of the Family Court Act in cases of willful violation findings with recommendations of incarceration, and (2) for the routine objection procedure of section 439(e) of the Family Court Act. Such a dual track seems like an unnecessary and inappropriate use of judicial resources.
The Support Magistrate's order went before the undersigned on May 25, 2005, on the willful violation issue and for the imposition of a sanction, in the event that a willful violation of the support order was found. The respondent was present then with counsel. The finding of a willful violation was confirmed and weekend incarceration was ordered as recommended, for six months. Mr. Mesa was given the opportunity to pay $852 in support by the following Friday, [*2]plus $82 promptly, in order to have the sentence suspended. If he failed to pay as required, this court directed that he would need to serve the six months of weekends.
The objection filed May 18, 2005 was not ready for review procedurally until after the May 25, 2005 willful violation confirmation hearing, and because of that confirmation proceeding is arguably moot. All the issues raised in the objection could certainly have been raised in the confirmation proceeding in an effort to avoid confirmation of the willful violation finding made by the Support Magistrate. Objections according to the statutory language may be filed only with respect to "final" orders of a support magistrate (Family Court Act, § 439[e]).[FN1] This would appear to indicate that the routine objection process does not apply to willful violation confirmation cases since orders which must be confirmed before they go into effect and for which a disposition is needed (e.g., the Family Court Judge is required to determine whether a commitment to jail will be ordered) would not appear to be "final". However, there is some confusion as to whether or not the objection proceeding applies in willful violation confirmation cases, and legislation to end this confusion has even been proposed. (See 2004 Recommendations of the Family Court Advisory and Rules Committee, NY CLS Family Ct Act, § 439 [(2005]).[FN2]
On one hand, as the May 9, 2005 order of the Support Magistrate arguably was not "final" with respect to the Family Court as a whole, but required a further hearing by a Family Court Judge, it would appear that the objection filed by respondent on May 18, 2005 was [*3]improperly filed regarding a non-final order and must be dismissed. However, according to the Fourth Department in Geary v Breen (210 AD2d 975, 976[1994]), when a Support Magistrate makes a finding of willful violation, and refers the matter to a Family Court judge for disposition, "[o]bjections pursuant to Family Court Act § 439(e) may be taken to a final order of a Hearing Examiner [i.e., Support Magistrate] that a respondent has willfully violated an order of support". Geary provides that "the parties' time to file such objections does not begin to run until the final order of the Hearing Examiner is served with notice of entry". It appears that in Geary the Family Court Judge did the willful violation hearing before the parties were even served with the order of the Hearing Examiner providing for that hearing. Geary cites to Matter of Lillian T. v John T. (146 Misc 2d 1094, 1098) which holds (at page 1098) that,
It is noted parenthetically that the determination of a Hearing Examiner that a respondent has willfully failed to obey a lawful order of support, like all findings of a Hearing Examiner, is subject to objections being taken thereto in accordance with Family Court Act § 439(e) and 22 NYCRR 205.37.
Geary implies that the order of the Support Magistrate referring the willful confirmation finding to a Family Court Judge is a "final" order under the statute and thus objections to it can be filed.[FN3] (Contra, Roth v Bowman, 245 AD2d 521 [2d Dept, 1997], holding "Since a determination of a Hearing Examiner recommending incarceration can have no force and effect until confirmed, and could never constitute a 'final order', the procedure under Family Court Act § 439(e) concerning the filing of objections does not apply").
This court, of course, is bound by the position of the Fourth Department. Nonetheless, this court would welcome a legislative solution to the confusion created by the applicable statutes and the disparate positions of at least two departments on whether or not the objection procedure is applicable to willful violation cases in which incarceration is recommended. Having considered the objection on its merits as apparently required by Geary, this court finds that respondent's objection is without merit. In his objection the respondent admits that he had previously provided job search information on his prior petition for a reduction in support, and in that proceeding he had been informed by the court that such information was crucial. He was thus well aware of the realities of such procedures. Furthermore, it was not the duty of a Support Magistrate to advise the respondent, initially or a second time, as to how to defend the case against him for willful violation.
NOW THEREFORE, for the reasons set forth above, it is
ORDERED that the respondent's objection, having been considered on its merits, is [*4]denied and dismissed.
Signed June 30, 2005, at Rochester, New York.
E N T E R : Hon. Marilyn L. O'Connor
 Family Court Judge

Footnotes

Footnote 1: The Support Magistrate's order unfortunately improperly included the routine notification of the right to file objections.

Footnote 2: The recommendations with respect to Family Court Act, section 439, include the following:
Additionally, in order to expedite enforcement of child support orders by permitting prompt confirmation hearings by judges, support magistrate willfulness determinations that include recommendations for incarceration would explicitly not be subject to the 30-day objection process, but would have no force or effect until and unless confirmed by Family Court judges. Accord, Roth v. Bowman, 245 AD2d 521 (2d Dept., 1997); Cf., DeBettis v. Gates, 247 AD2d 844 (4th Dept., 1998); Livingston Co. Dept. of Social Services o/b/o Lisner v. Grimmelt, 254 AD2d 834(4th Dept., 1998); Geary v. Breen, 210 AD2d 975 (4th Dept., 1994). In order to eliminate the ambiguity that caused an earlier version of a similar proposal to be vetoed by the Governor in 2003, the proposal has been revised to clarify that only those support magistrates willfulness determinations that include a recommendation for the sanction of incarceration need to be referred for confirmation by a judge, since support magistrates are authorized to impose lesser sanctions than commitment. See Governor's Veto Message #155 (S 3600). See also Proposal #12, infra.
 Each of these provisions will enhance the ability of support magistrates to address child support proceedings in an integrated, rather than a fragmented, manner.

Footnote 3: Interestingly, in Lillian, the judge got the parties to agree to have certain issues handled in the willful violation proceeding and certain issues in the objection proceeding, creating an implication that that court was interested in judicial economy and recognized that the two procedures overlapped.