■ In the Matter of BARBARA S. MALLARD, Appellant, v RUSSELL A. MALLARD, Respondent. [814 NYS2d 758]—

Mercure, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered September 8, 2004, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

The parties were married in 1964 and were divorced in 1976 pursuant to a judgment that incorporated but did not merge their 1974 separation agreement requiring respondent to pay petitioner $300 per month in spousal support. The separation agreement also provided "that as long as [respondent] shall have any obligation respecting alimony hereunder," petitioner "shall immediately advise him in writing of any change in her own residence . . . in the absence of which written notice [respondent] shall not be o[b]ligated hereunder for alimony." Petitioner has since moved repeatedly and failed to inform respondent of her changes in residence. In January 2004, petitioner commenced this proceeding, alleging that respondent had willfully violated the divorce judgment by failing to pay spousal support since 1989. Following a hearing, a Support Magistrate dismissed the petition and Family Court ultimately denied petitioner's objections. Petitioner now appeals.

We affirm. It is well settled that "[t]he terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" and are subject to the basic principles of contract interpretation (*Matter of Gravlin v Ruppert,* 98 NY2d 1, 5 [2002]; *see Stevens v Stevens,* 11 AD3d 791, 792 [2004]). To the extent that petitioner's claims are timely (*see Tauber v Lebow,* 65 NY2d 596, 598 [1985]; *Penrose v Penrose,* 17 AD3d 847, 848 [2005]), Family Court properly concluded that the separation agreement unambiguously predicated respondent's support obligation on the requirement that petitioner provide him with written notice of her changes in residence. Inasmuch as petitioner conceded that she did not notify respondent when she moved to Florida or Georgia, we conclude that she has failed to establish by competent proof that respondent's cessation of support payments thereafter constituted a willful violation of the divorce judgment (*see Matter of Savage v Savage,* 18 AD3d 902, 904 [2005]; *Matter of Livingston County Dept. of Social Servs. v Grimmelt,* 254 AD2d 834, 834 [1998]; *see also Matter of Levinson v Levinson,* 298 AD2d 673, 674-675 [2002]).

Petitioner's remaining arguments have been considered and found to be lacking in merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.