■ FIREGREEN LIMITED, Respondent, v H. DEAN CLAXTON et al., Appellants.—Order of the Supreme Court, New York County (Ethel B. Danzig, J.), entered on December 3, 1988, which denied defendants' motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8) and for forum non conveniens, is unanimously affirmed, without costs and disbursements.

This action was commenced by a British corporation against

the individual defendant, a California resident, who conducts business in that State under the name of defendant Autumn Gold. The complaint alleges breach of contract and related claims arising out of an arrangement for defendants to deliver California almonds to plaintiff in Great Britain. Although the terms of the contract are not contested for purposes of the instant motion to dismiss by defendants, there is some dispute concerning where and when the agreement was reached. Plaintiff asserts that the contract was entered into on August 1, 1986 in the County, City and State of New York. It appears that the sole connection between the matter herein and this State was a one-time breakfast meeting, lasting some two hours, which occurred at a New York City hotel when defendant, purportedly for the convenience of plaintiff, got together with two of plaintiff's officers or agents, who were evidently in New York on unrelated business. The individual defendant states in his affidavit that the meeting had been originally scheduled for San Francisco, California, and he only came to New York after plaintiff's representatives informed him that they were experiencing some difficulty in obtaining a flight. All other facets of the transaction involved either transatlantic telephone or telex communications between defendants in California and plaintiff in Great Britain, including several postagreement contacts between the parties. It should also be noted that neither the individual defendant nor company defendant maintains an office in New York City, has any agents or employees in New York or engages in or solicits any business in this State. Plaintiff, similarly, has no office or employees in New York, but it claims to have sent its officers or agents here from time to time to conduct various business. The letter of credit securing plaintiff's payment was issued in London and was payable in California, and a subsequent confirmatory telex was forwarded by the individual defendant to London on August 11, 1986. In addition, contrary to plaintiff's contention that the contract was made in New York, defendant urges that the agreement was actually entered into by telephone after he returned to California.

The United States Supreme Court declared in *Hanson v Denckla* (357 US 235, 253), that in order for a State court to assume jurisdiction, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" *(see also, World-Wide Volkswagen Corp. v Woodson,* 444 US 286). New York's long-arm statute, CPLR 302 (a) (1), authorizes a

court in this State to assume jurisdiction over any nondomiciliary who in person or through an agent "transacts any business within the state". This provision has been construed by the Court of Appeals to constitute a " 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction" even where, unlike the situation herein, "the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). In that regard, jurisdiction has been deemed to have been conferred by a single contact occurring when defendant, a Massachusetts resident, responding to an employment advertisement, traveled to New York at plaintiff's request and, following an interview at which an agreement was reached, was hired as a salesman outside of the State *(Reiner & Co. v Schwartz,* 41 NY2d 648). According to the Court of Appeals, defendant "was physically present in New York at the time the contract, establishing a continuing relationship between the parties, was negotiated and made and, the contract, made in New York, was the transaction out of which the cause of action arose. * * * There can be no question that, by his acts, defendant has purposefully availed himself of the privilege of conducting activities in our jurisdiction, thus invoking the benefits and protection of our laws" *(Reiner & Co. v Schwartz, supra,* at 653).

The difficulty in determining whether jurisdiction exists with respect to the action before us is that an examination of the record does not conclusively resolve the dispute concerning the time and place where the subject contract was made. While it is true that the two-hour meeting of August 1, 1986 is the only nexus between this case and New York, the fact is that pursuant to *Reiner & Co. v Schwartz (supra),* it appears that jurisdiction may be exercised simply on the basis of the defendant having been present in the State during the time that the contract was made. Defendant asserts that the purpose of the conference in New York was to clarify one part of an extremely complicated arrangement, specifically, the letters of credit required to finance the deal. However, plaintiff insists that an agreement was actually reached in New York, stating that the New York meeting covered the price and quantity of the almonds to be delivered, the future relationship between plaintiff and defendants, the payment terms, the down payment and the means by which defendants would procure the almonds to be supplied to plaintiff. There is,

consequently, a disputed question of fact as to what, if anything, was accomplished at the New York meeting. Certainly, the existing record does not clearly demonstrate the lack of sufficient purposeful activity in New York so as to preclude long-arm jurisdiction from attaching. In that regard, defendants moved to dismiss the complaint for lack of personal jurisdiction under CPLR 3211 (a) (8). Since the absence of jurisdiction cannot be ascertained from the papers, the Supreme Court appropriately declined to dismiss the complaint at this time. The court also properly exercised its discretion in denying dismissal for forum non conveniens pursuant to CPLR 327 on the ground that, in part, defendants had failed to identify those witnesses who would be inconvenienced by a New York trial. Concur—Murphy, P. J., Carro, Kassal, Milonas and Wallach, JJ.