In the Matter of the Estate of JACOB SCHULMAN, Deceased. SELMA SCHULMAN et al., as Coexecutors of JACOB SCHULMAN, Deceased, et al., Respondents; ELIZABETH N. SNEDEKER et al., Appellants.—Mercure, J. Appeal from that part of an order of the Surrogate's Court of Fulton County (Catena, S.), entered September 28, 1989, which authorized the compromise of claims filed against decedent's estate by First American Bank, Lee Dyeing Company of North Carolina and Merrimac Leasing Corporation.

Petitioners, executors of decedent's estate, filed a petition in Surrogate's Court seeking, *inter alia,* authorization to compromise claims filed against the estate by First American Bank, Lee Dyeing Company of North Carolina and Merrimac Leasing Corporation (hereinafter claimants) by payment of approximately $695,000. Objections were filed on behalf of respondents, Elizabeth N. Snedeker, Mary L. McGrath, Nancy M. Seagren and John F. McGrath, Jr., who asserted what were then contingent and unliquidated claims against the estate aggregating $1,052,423.* Respondents contended that payment

---

* During the pendency of this appeal, Surrogate's Court rendered a decision awarding respondents $821,977.81, including interest to March 19,

of the compromised claims was likely to leave insufficient estate assets remaining to satisfy their claims and requested that Surrogate's Court fix the amount of estate assets to be reserved for payment of their claims, pursuant to SCPA 1804. Surrogate's Court approved the compromise and payment of claimants' claims and ordered that the balance of estate assets, in the amount of $1,296,458.07, be reserved for payment of respondents' claims. Respondents appeal.

We affirm. The sole ground for reversal advanced by respondents is that there was insufficient evidence presented on the petition to permit Surrogate's Court to make an accurate determination of the value of estate assets remaining after payment of the compromised claims. At the request of Surrogate's Court, the attorneys for the estate submitted a summary statement of estate assets, which showed funds sufficient to satisfy all claims, including those asserted by respondents. Since the record demonstrates no challenge by respondents to the competence or accuracy of the statement or request for a hearing to inquire into estate assets and liabilities, the issue has not been preserved for our review (see, T. W. Oil v Consolidated Edison Co., 57 NY2d 574, 586-587; De Luca v Kameros, 130 AD2d 705; Lynch v Lynch, 97 AD2d 814).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

---

1990, on their claims against the estate. Respondents' motion to include this decision in the record on appeal is granted only to the extent that we take judicial notice of the decision and otherwise denied, without costs.