■ IVENS STANTON ASSOCIATES, INC., Appellant, v NOR-QUEST RESOURCES, LTD., Respondent. [600 NYS2d 39] —Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered on March 20, 1992, which, *inter alia,* granted the cross-motion to dismiss the complaint for lack of personal jurisdiction, is unanimously modified, on the law, to the extent of denying the cross-motion, without prejudice to renewal after discovery, and otherwise affirmed, with costs.

In this action to enforce a claim for payment under a public relations retainer agreement, the issue on the merits is the duration of the contract. On this appeal, the issue is limited to personal jurisdiction over the defendant, a Canadian corporation with its principal office in Vancouver, British Columbia. It is alleged that in 1989, Chris Harper, acting with the authority of defendant's president, met with representatives of plaintiff in New York on more than one occasion to negotiate a public relations contract with plaintiff. In November 1989, an agreement was faxed to defendant's president in Great Britain. Thereafter, an executed copy was faxed back to plaintiff in New York. Defendant contends that the contract was intended to be for a duration of four months only. Plaintiff disagrees and has submitted a bill for services through June 18, 1989.

We affirm the denial of summary judgment, but reverse the dismissal on the jurisdictional issue. Plaintiff's allegations of negotiation of a contract in New York by an agent, if proved, would be sufficient to support in personam jurisdiction in New York *(Reiner & Co. v Schwartz,* 41 NY2d 648; *Firegreen Ltd. v Claxton,* 160 AD2d 409). Concur—Murphy, P. J., Sullivan, Kupferman and Kassal, JJ.