ROBERT E. KOLVEK et al., Respondents, v SANDO M. FERRUCCI, JR., Appellant, et al., Defendant. [667 NYS2d 554] —Judgment and order unanimously reversed on the law with costs, motion denied and answer reinstated. Memorandum: In this action pursuant to RPAPL article 15 to determine competing claims to real property, plaintiffs claim title and the right to possession based on the alleged breach by Sando M. Ferrucci, Jr. (defendant) of an installment contract to purchase the property. Plaintiffs allege that defendant failed to pay taxes and obtain insurance on the property, as required by the contract. Following joinder of issue, plaintiffs moved to dismiss the affirmative defenses, which include lack of personal jurisdiction and payment, and for summary judgment on the complaint and counterclaim. Defendant appeals from a judgment and order that granted plaintiffs' motion and thereby adjudged plaintiffs the sole owners of the property, extinguished any

claim of defendant, granted plaintiffs immediate possession and awarded plaintiffs approximately $17,000 for back taxes, the costs of insurance on the property and attorney's fees in prosecuting the action.

The court erred in granting plaintiffs summary judgment. There are triable issues of fact concerning the merits of plaintiffs' action and defendant's affirmative defenses of lack of jurisdiction and payment. Although defendant specifically averred that he had not been served, plaintiffs did not address that defense or defendant's averment, nor did they offer proof of service. Under the circumstances, defendant raised a colorable claim of improper service, thus shifting the burden to plaintiffs to come forward with proof of service (see, Jenny Oil Corp. v Petro Prods. Distribs., 121 AD2d 686, 687). The court therefore erred in summarily disposing of the jurisdictional objection (cf., Juron & Minzner v Dranoff & Patrizio, 180 AD2d 439; Firegreen Ltd. v Claxton, 160 AD2d 409, 411-412; Graham v Sylvan Lawrence Co., 82 AD2d 980).

Similarly, while plaintiffs allege that defendant breached his contractual obligations to pay taxes and obtain insurance coverage on the property, defendant averred that plaintiffs had accepted such payments and had either misappropriated them or had paid the charges in their own name without crediting defendant. Further, plaintiffs failed to prove that they had served notices of default and termination upon defendant, as required by the contract, and defendant denied receiving a 30-day notice with respect to his alleged failure to obtain insurance coverage. In the absence of proof that the required notices were sent and that defendant failed to cure his alleged default, plaintiffs failed to establish as a matter of law that defendant was in default under the contract. There is a triable question of fact on the issue of default, and thus the court erred in granting summary judgment (see, First Natl. Bank v Volpe, 217 AD2d 967, 968; Genrich v Holiday Lady Fitness Ctr., 216 AD2d 897). (Appeal from Judgment and Order of Erie County Court, Rogowski, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.