■ CLIFFSTAR CORPORATION, Respondent-Appellant, v CALIFORNIA FOODS CORPORATION, Appellant-Respondent. [677 NYS2d 864] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a New York corporation, commenced this action against defendant, a California corporation, to recover damages arising from the alleged breach of an oral agreement to co-pack bottled iced tea for plaintiff at defendant's California plant. Supreme Court denied defendant's motion insofar as it sought dismissal of the complaint or summary judgment dismissing the complaint based upon lack of personal jurisdiction and granted defendant's alternative request for removal of the action to California on the ground of forum non conveniens. The court denied plaintiff's cross motion for summary judgment.

The court erred in resolving the jurisdictional issue. The parties submitted sharply conflicting proof concerning where the

oral agreement was made, thereby raising a factual dispute with respect to whether defendant transacted business in New York (*see*, CPLR 302 [a] [1]; *Juron & Minzner v Dranoff & Patrizio*, 180 AD2d 439; *Firegreen Ltd. v Claxton*, 160 AD2d 409, 411-412; *see also, Kolvek v Ferrucci*, 245 AD2d 1078; *Graham v Sylvan Lawrence Co.*, 82 AD2d 980). "Where the papers are insufficient to determine whether the court has jurisdiction, ordinarily there should be a hearing held where jurisdictional facts may be established" (*Cato Show Print. Co. v Lee*, 84 AD2d 947, 949; *see, Shea v Hambro Am.*, 200 AD2d 371, 372).

We reject plaintiff's contention that jurisdiction may be premised upon CPLR 302 (a) (3), based upon the financial loss allegedly suffered by plaintiff as the result of defendant's conduct. Such loss is not a sufficient predicate for jurisdiction under that section (*see, Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326-327; *Cooperstein v Pan-Oceanic Mar.*, 124 AD2d 632, 633-634, *lv denied* 69 NY2d 611).

Because the record fails to establish that the requirements for the exercise of long-arm jurisdiction have been met, the court erred in dismissing the action on forum non conveniens grounds. That "doctrine has no application unless the court has obtained in personam jurisdiction of the parties" (*Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 579).

We modify the order, therefore, by vacating the third ordering paragraph. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.