■ In the Matter of STEPHEN DAKNIS, Respondent, v BEVERLY B. BURNS, Appellant. [719 NYS2d 134] —Spain, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered October 5, 1999, which granted petitioner's application for child support in a proceeding pursuant to Family Court Act article 4.

The parties were married in 1977 in Pennsylvania and they have two children, Lauren (born in 1980) and Lindsay (born in 1983). In March 1988 the parties entered into a "Property Settlement Agreement" which ratified and incorporated a 1985 custody stipulation and order made in a Pennsylvania court which granted physical custody of the children to respondent and visitation to petitioner. The agreement also provided that petitioner pay child support to respondent in the amount of $150 per week. In April 1988 the parties were divorced in an order and decree from the same Pennsylvania court incorporating the terms of their March 1988 agreement, including the child support provisions. In January 1997 the parties entered

into an in-court stipulation transferring physical custody of the children to petitioner so that petitioner could take the children back to New York to reside with him and to attend school there; this stipulation was incorporated into an order of the Pennsylvania court. Notably, there is no mention of child support in this stipulation and order and, thereafter, petitioner paid no child support to respondent. In October 1998—despite the Pennsylvania custody order—petitioner filed a petition for custody in Saratoga County Family Court. A stipulation was entered into by the parties, respondent having appeared through her attorneys, and an order was entered based upon that stipulation granting petitioner primary physical custody of Lindsay. Lauren—having previously turned 18 years of age—was not subject to the order but continued to reside with petitioner in New York.

Shortly thereafter, petitioner commenced this proceeding in Family Court seeking child support from respondent for both children. Respondent—who continues to reside in Pennsylvania—answered by objecting to Family Court's jurisdiction to hear this matter and requested that the proceedings be transferred to Pennsylvania pursuant to Family Court Act article 5-B, the Uniform Interstate Family Support Act (hereinafter UIFSA). After a Hearing Examiner determined that Family Court had jurisdiction, he granted petitioner's request and ordered respondent to pay child support in the amount of $65 per week. Family Court denied respondent's objections to the Hearing Examiner's determination. Respondent now appeals.

Initially, we reject respondent's contention that Family Court lacks personal jurisdiction over her. Family Court Act § 580-201, in pertinent part, states as follows:

"In a proceeding to establish, enforce, or modify a support order * * * the tribunal of this state may exercise personal jurisdiction over a nonresident individual * * * if: * * *

"(5) the child resides in this state as a result of the acts or directives of the individual" (Family Ct Act § 580-201 [5]).

Here the children are residing with petitioner in New York because respondent agreed to such transfer of custody by stipulation and order in Pennsylvania in 1997. Moreover, she later appeared in New York and confirmed respondent's custody of the child who had not yet reached 18 years of age and both children continue to reside with petitioner. Under these circumstances, the children have resided in New York clearly "as a result of the acts or directives" of respondent within the meaning of Family Court Act § 580-201 (5). Accordingly, Fam-

ily Court properly exercised personal jurisdiction over respondent.

We also reject respondent's assertion that she was denied due process in Family Court's exercise of jurisdiction over her in light of the United States Supreme Court's decision in *Kulko v Superior Ct.* (436 US 84), where the Court held that mere acquiescence by a custodial parent to a child's change of residence to another State will not confer personal jurisdiction over that parent in the new State (*id.*, at 94). Unlike the custodial parent in *Kulko*, respondent stipulated to an order in a Pennsylvania court whereby physical custody of the children was transferred to petitioner so that he could bring them to New York to live with him and to enroll them in school. In our view, this formal "act" of respondent and her later consent to a simultaneous New York order of custody constitute more than mere acquiescence on her part.

We do find merit, however, in respondent's assertion that Family Court lacked subject matter jurisdiction because it—in effect—modified an existing Pennsylvania child support order, to wit, the April 1988 judgment of divorce which provides that petitioner pay child support to respondent in the amount of $150 per week.

Family Court Act § 580-205 states, in part, as follows: "(d) A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to UIFSA or a law substantially similar to UIFSA." "The goal of the UIFSA is to eliminate the problems arising from multiple support orders from the various States by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order [citations omitted]" (*Matter of Reis v Zimmer*, 263 AD2d 136, 141, *amended* 270 AD2d 968) and "[t]he courts of New York are obligated to recognize the continuing exclusive jurisdiction of another State which has issued a child support decree" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 580-205, at 225).

The Federal Full Faith and Credit for Child Support Orders Act (28 USC § 1738B) "requires that all child support orders be given full faith and credit and precludes out-of-State modifications of such orders by establishing jurisdictional rules whereby States are to 'refrain from modifying or issuing contrary orders except in limited circumstances' " (*Matter of Reis v Zimmer*, *supra*, at 142, quoting *Matter of Isabel M. v Thomas M.*, 164 Misc 2d 420, 422). Accordingly, a New York court can modify an existing child support order of another State only where the

New York court has jurisdiction to make such order and the court of the other State ceases to have continuing exclusive jurisdiction of the order because that State no longer is the child's State of residence or the residence of any party, or where all of the parties have filed a written consent with the court of the other State consenting to the New York court assuming exclusive jurisdiction over the out-of-State order and to making the modification (*see*, 28 USC § 1738B [e]).

Consistent with these provisions, once Pennsylvania entered the original support order and as long as that child support order continues to exist, Family Court is statutorily obligated to recognize this out-of-State order and defer to the Pennsylvania court (*see*, Family Ct Act § 580-205 [d]). In our view, the fact that both parties ignored the Pennsylvania child support order once there was a change of custody is insignificant. Family Court had no authority to modify the Pennsylvania support order as long as respondent lived in Pennsylvania and the parties did not give written consent for New York to exercise jurisdiction over this matter (*see*, 28 USC § 1738B [d], [e]; *see also*, Family Ct Act § 580-205 [a]). Family Court's order that respondent pay child support to petitioner was in essence a modification of the Pennsylvania support order resulting in two separate orders in two different jurisdictions which is wholly inconsistent with the Federal Full Faith and Credit for Child Support Orders Act and Family Court Act article 5-B. Accordingly, Family Court should have deferred jurisdiction to Pennsylvania.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for transfer of the petition to Pennsylvania in accordance with Family Court Act § 580-206 (a).