■ Saxon Mortgage Services, Inc., Respondent, v Barry G. Bell, Appellant, et al., Defendants. [880 NYS2d 573]—

In an action to foreclose a mortgage, the defendant Barry G. Bell appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 3, 2008, which denied his motion to dismiss the complaint insofar as asserted against him and granted the plaintiff's cross motion for execution of the judgment of foreclosure and sale.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine whether process was properly served and, thereafter, a new determination of the motion and cross motion.

Where, as here, the appellant submitted a detailed affidavit stating that he was home on each of the occasions when the process server purportedly attempted to serve process pursuant to CPLR 308 (2), he rebutted the allegations contained in the process server's affidavit and was entitled to a hearing to determine whether personal jurisdiction was acquired over him (*see Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343 [2003]).

While the appellant eventually acquired actual notice of the action, actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service (*see Frankel v Schilling,* 149 AD2d 657 [1989]; *Skyline Agency v Coppotelli, Inc.,* 117 AD2d 135 [1986]). Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.