In the Matter of ANNA PASCARELLA, Respondent, v JOHN PASCARELLA, Appellant. [886 NYS2d 636]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (DiDomenico, J.), dated July 11, 2008, which denied his objections to so much of an order of the same court (Mahoney, S.M.), dated May 5, 2008, as, after a hearing, determined that he willfully violated a prior order of support and awarded the mother an attorney's fee in the sum of $3,949.20.

Ordered that the order dated July 11, 2008 is affirmed, with costs.

Evidence of the father's failure to pay child support as ordered constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see Matter of Powers v Powers,* 86 NY2d 63, 66 [1995]; *Matter of Calvello v Calvello,* 20 AD3d 525, 526 [2005]; *Matter of Johnson v Johnson,* 1 AD3d 599 [2003]; *Matter of Shaver v Shaver,* 232 AD2d 813 [1996]; *Reisner v Reisner,*

224 AD2d 602 [1996]). The burden then shifted to the father "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers,* 86 NY2d at 69-70). Since the father failed to demonstrate that he was unable to satisfy his obligation during the time it accrued, the Family Court correctly confirmed the Support Magistrate's determination that he willfully violated the child support order.

We reject the father's contention that the Family Court erred in failing to conduct an evidentiary hearing on the issue of willfulness so that he could present evidence that he withheld the child support payments in order to offset an alleged overpayment the mother received from his pension benefits. The issue of whether the father was entitled to recoup the alleged overpayment was litigated before the Supreme Court, Richmond County, resulting in an order dated November 30, 2007, wherein the court (Silber, J.) held that the father was not entitled to recoup such overpayment. The father never appealed from that order. He cannot now argue that the Family Court erred in failing to conduct an evidentiary hearing so that he could challenge the propriety of the order. Moreover, even assuming the truth of the father's allegation that he initially believed he did not have to pay child support because of the alleged overpayment, the father nevertheless continued to refuse to fulfill his support obligations and pay the arrears even after the Supreme Court issued the November 30, 2007 order.

Also without merit is the father's contention that the Family Court erred in awarding the mother an attorney's fee without conducting an evidentiary hearing. "Where, as here, a parent 'neither objected to the court's decision to resolve the motion for an award of an attorney's fee on the papers submitted, nor requested an evidentiary hearing on the issue [that party has] waived his [or her] right to a hearing on the matter' " (*Powers v Wilson,* 56 AD3d 639, 640 [2008], quoting *Messinger v Messinger,* 24 AD3d 631, 632 [2005]; *see Pedreira v Pedreira,* 34 AD3d 225 [2006]; *Bengard v Bengard,* 5 AD3d 340, 341 [2004]). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.