# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**414**

**CAF 11-02254**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF CHAUTAUQUA COUNTY DEPARTMENT
OF SOCIAL SERVICES, ON BEHALF OF COLLEEN A.Y.,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

RITA M.S., RESPONDENT-APPELLANT.
(PROCEEDING NO. 1.)
-------------------------------------------------
IN THE MATTER OF CHAUTAUQUA COUNTY DEPARTMENT
OF SOCIAL SERVICES, ON BEHALF OF COLLEEN A.Y.,
PETITIONER-RESPONDENT,

V

KENNETH M.Y., RESPONDENT-APPELLANT.
(PROCEEDING NO. 2.)

---

LAW OFFICE OF ROBERT D. ARENSTEIN, NEW YORK CITY (ROBERT D. ARENSTEIN
OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

JULIE B. HEWITT, MAYVILLE, FOR PETITIONER-RESPONDENT.

ANDREW T. RADACK, ATTORNEY FOR THE CHILDREN, SILVER CREEK, FOR COLLEEN
Y. AND KELLY Y.

MICHAEL J. SULLIVAN, ATTORNEY FOR THE CHILDREN, FREDONIA, FOR MICHAELA
Y. AND BRIDGET Y.

---

Appeals from an order of the Family Court, Chautauqua County
(Judith S. Claire, J.), entered February 4, 2011 in proceedings
pursuant to Family Court Act article 4. The order dismissed the
objections of respondents and affirmed the orders of the Support
Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, Chautauqua County Department of Social
Services, commenced these proceedings pursuant to Family Court Act
article 4 seeking an order directing Rita M.S., the respondent in
proceeding No. 1 (hereafter, stepmother), and Kenneth M.Y., the
respondent in proceeding No. 2 (hereafter, father), both of whom are
nonresidents of New York, to furnish support for the four children who

are the subjects of these proceedings (collectively, children). Petitioner sought child support retroactive to the time that the children entered the foster care system in New York. Upon respondents' default, the Support Magistrate, inter alia, directed the father to pay child support in the amount of $775 per week effective the date on which the children were placed in foster care and directed the stepmother to notify the Support Collection Unit of any change in employment status and health insurance benefits. The support orders are dated July 6, 2010 (hereafter, July orders). Respondents did not file objections to the July orders.

In October 2010, respondents moved to vacate the support orders and to dismiss the support proceedings pursuant to CPLR 5015 (a) (4) based upon Family Court's alleged lack of personal jurisdiction. By orders dated November 9, 2010 (hereafter, November orders), the Support Magistrate "denied and dismissed" respondents' motions to vacate the support orders, determining that the court had jurisdiction over respondents pursuant to Family Court Act § 580-201 (5). Respondents filed objections to the November orders, and Family Court dismissed those objections and affirmed the November orders of the Support Magistrate.

On appeal, respondents contend that the court erred in failing to review their challenges to the July orders in the context of their objections to the November orders. We reject that contention. Although respondents are correct that the proper procedure to challenge an order entered upon a default is by way of a motion to vacate the default pursuant to CPLR 5015 (a) rather than by way of the filing of objections pursuant to Family Court Act § 439 (e) (see *Matter of Garland v Garland*, 28 AD3d 481, 481; *Matter of Wideman v Murley*, 155 AD2d 841, 842), here respondents moved to vacate the July orders and to dismiss the proceedings solely on the basis of alleged lack of personal jurisdiction pursuant to CPLR 5015 (a) (4), not on the basis of excusable default pursuant to CPLR 5015 (a) (1). Thus, respondents' motions brought up for review only the issue of jurisdiction, not the underlying merits of the July orders (see *generally Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:9, at 220; *cf. Labozzetta v Fabbro*, 22 AD3d 644, 645-646; *Pilawa v Dalbey*, 275 AD2d 1035, 1036; *Pallette Stone Corp. v Ebert*, 210 AD2d 807, 808).

Respondents further contend that the court's jurisdictional determination must be vacated because it was not based upon competent evidence. We reject that contention. Contrary to respondents' contention, the Support Magistrate was not required to hold a hearing on the issue of personal jurisdiction before issuing the July orders. The support petitions alleged that New York had long-arm jurisdiction over respondents pursuant to Family Court Act § 580-201 (5), and respondents failed to answer the petitions, failed to move to dismiss the petitions for lack of personal jurisdiction (see CPLR 3211 [a] [8]), and failed to appear in court in opposition to the petitions. We thus conclude that the Support Magistrate properly determined based upon the documentation provided by petitioner that it had long-arm

jurisdiction over respondents. When respondents moved to vacate the July orders on the ground that the court lacked personal jurisdiction, the Support Magistrate was faced with conflicting submissions on that issue from respondents and petitioner. Assuming, arguendo, that respondents' submissions disputed the underlying jurisdictional facts and not simply the legal conclusions to be drawn therefrom, respondents would have been entitled to a hearing on the issue of personal jurisdiction (*see generally Saxon Mtge. Servs., Inc. v Bell*, 63 AD3d 1029; *Penachio v Penachio*, 27 AD3d 540, 541; *Cliffstar Corp. v California Foods Corp.*, 254 AD2d 760, 760-761). Respondents, however, waived any right to a hearing on jurisdiction by submitting their motion on papers only (*see generally Matter of Pascarella v Pascarella*, 66 AD3d 909, 910). We further conclude that respondents failed to preserve for our review their contention that the Support Magistrate's jurisdictional findings were not based upon competent evidence inasmuch as they did not challenge the competence of the evidence submitted by petitioner in their motions to vacate the July orders (*see generally Mariano v New York City Tr. Auth.*, 38 AD3d 236, 236; *Matter of Schulman*, 161 AD2d 874, 875). Although respondents contended in their objections to the November orders denying their motions to vacate the July orders that those orders were not based upon competent proof, Family Court properly determined that such contention was unpreserved inasmuch as it was not raised before the Support Magistrate in the motions to vacate (*see generally Lopez v 724 Mgt., LLC*, 72 AD3d 453, 453; *Matter of Redmond v Easy*, 18 AD3d 283, 283-284).

Contrary to respondents' further contention, we conclude that the court properly determined that it had personal jurisdiction over them. Family Court Act § 580-201 provides that, "[i]n a proceeding to establish . . . a support order . . ., the tribunal of this state may exercise personal jurisdiction over a nonresident individual . . . if[, inter alia,] the child[ren] reside[] in this state as a result of the acts or directives of the individual" (§ 580-201 [5]). Here, the children clearly resided in New York as a result of respondents' acts and directives. After respondents were arrested and each charged with felony child abuse against the children, the Magistrate Court for Dona Ana County, Las Cruces, New Mexico ordered respondents to avoid all contact with the children. In light of the no-contact order, respondents requested that the children be placed in the care of the children's aunt in New York. In an August 2008 letter to the New Mexico Children, Youth and Families Department (CYFD), the father stated that "[t]he relative who will be available to take custody of any or all of the girls on our behalf is their aunt who would take them back to her dairy farm. We request they be released to her Monday 8/11/08 . . . [I]t is beyond all doubt in their best interest to be in such household rather than in foster care. She will be here as early tomorrow as you say they might be released." To that end, respondents executed a limited power of attorney authorizing the aunt to withdraw one of the children from school, and executed durable powers of attorney for health care designating the aunt as the children's agent for health care decisions. On August 11, 2008, CYFD and the aunt entered into a "safety contract" pursuant to which the aunt agreed to provide for the children's basic needs. In addition,

the safety contract stated that the aunt understood that respondents "have voluntarily placed the children in [her] care for an undetermined length of time," and that she was "to contact [respondents] if [she were] in need of any financial assistance for the [children], as the[ respondents] are still legally responsible for the[ children's] well-being." Thereafter, the aunt transported the children to her home in New York. Under those circumstances, we conclude that the children began residing in New York "as a result of the acts or directives" of respondents within the meaning of Family Court Act § 580-201 (5), and thus that the court properly exercised personal jurisdiction over respondents (*see generally Matter of Daknis v Burns*, 278 AD2d 641, 641-643).

Respondents further contend, however, that the assertion of jurisdiction in this case violates due process. We reject that contention. "As a general rule, in order for the courts of one State to exercise jurisdiction over an individual who is domiciled in another State, due process requires that there be sufficient minimum contacts between that individual and the forum State such that the forum State's assertion of jurisdiction will not offend ' "traditional notions of fair play and substantial justice" ' " (*Matter of Shirley D. v Carl D.*, 224 AD2d 60, 63, quoting *International Shoe Co. v Washington*, 326 US 310, 316). In particular, the subject individual's "conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there" (*World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297).

Respondents rely on *Kulko v Superior Ct. of California* (436 US 84), in which the United States Supreme Court addressed the issue of personal jurisdiction in a child support action. There, the Supreme Court held that the father's mere "acquiescence" in his daughter's desire to live with the mother in California did not confer jurisdiction over the father in the California courts (*id.* at 94). Respondents contend that they merely acquiesced in the arrangement between CYFD and the aunt to place the children temporarily in New York with the aunt. We reject that contention. Unlike in *Kulko*, where the father assented to his daughter's desire to live with her mother in California, here respondents chose to send the children to New York after they were ordered to have no contact with the children. Respondents notified CYFD that they wished the children to reside with the children's aunt in New York rather than being placed in foster care in New Mexico, and they executed the necessary documents to facilitate the transfer of the children to the aunt. Respondents' voluntary decision to place the children with the aunt in New York and their formal acts in effectuating that decision constitute more than mere acquiescence (*see Daknis*, 278 AD2d at 643), and the fact that respondents did not make the children's travel arrangements is not dispositive (*see Kulko*, 436 US at 98).

Further, as distinguished from *Kulko*, here respondents " 'purposefully avail[ed themselves] of the privilege of conducting activities within th[is] State' " (*id.* at 94), by sending their children to New York to live with their aunt, a New York resident, without providing financial support for the children. Pursuant to the

safety contract, the aunt "agree[d] to provide for the [children's] basic needs, to include their medical, educational, and mental health needs." The aunt further agreed that she would "contact [respondents] if [she was] in need of any financial assistance for the [children], *as they are still legally responsible for their well-being*" (emphasis added). As the Support Magistrate aptly noted, "[i]t [wa]s foreseeable, certainly that someone, whether it be [petitioner] or the aunt herself, was, at some point, going to be asking for support of children that are not theirs." We thus conclude that respondents' conduct in relation to New York was such that they "should [have] reasonably anticipate[d] being haled into court []here" (*World-Wide Volkswagen Corp.*, 444 US at 297) and, thus that the court properly exercised personal jurisdiction over respondents (*see generally Matter of Bowman v Bowman*, 82 AD3d 144, 152-153; *Daknis*, 278 AD2d at 643). Respondents' further contention that the court should have made separate jurisdictional determinations with respect to the father and the stepmother and each child is unpreserved for our review inasmuch as it was not raised in their motion to vacate the July orders but, rather, was raised for the first time in their objections to the order of the Support Magistrate denying their motion to vacate (*see generally Lopez*, 72 AD3d at 453; *see also Redmond*, 18 AD3d at 283-284). In any event, the court's assertion of personal jurisdiction was properly based upon evidence that each of the children resided in New York as a result of the acts and/or directives of both respondents.

Respondents' contention that Family Court Act § 580-201 (5) is unconstitutionally void because the phrase "acts or directives" is vague is not properly before us because there is no indication in the record that respondents notified the Attorney General of their constitutional challenge, as required by CPLR 1012 (b) (1) (*see Koziol v Koziol*, 60 AD3d 1433, 1434-1435, *appeal dismissed* 13 NY3d 763).

Finally, although we agree with respondents that the Support Magistrate abused his discretion in refusing to consider their reply papers on the motion to vacate, we conclude that such error is harmless inasmuch as the arguments raised in the reply papers are without merit for the reasons discussed above.

Entered:  April 27, 2012                          Frances E. Cafarell
                                                 Clerk of the Court