■ WARNACO INC. et al., Respondents, v TRIALAND S.A., Appellant. [959 NYS2d 69]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 1, 2012, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss on the grounds of forum non conveniens and lack of personal jurisdiction, unanimously affirmed, with costs.

In evaluating defendant's motion to dismiss this action on forum non conveniens grounds, the court properly considered all relevant factors (*see* CPLR 327; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]), and concluded that New York was an appropriate forum

for litigating this dispute over an agreement whereby defendant was permitted to distribute plaintiffs' goods throughout South America. Plaintiff Warnaco Inc. is a domiciliary of New York and, although defendant is a Uruguayan company and the distribution occurred exclusively in Latin America, the matter bears a substantial nexus to New York. The evidence indicates that the parties' relationship developed through meetings in New York prior to execution of their 2010 agreement, and that the agreement was allegedly terminated at a subsequent meeting in New York. Defendant failed to submit any affidavits of potential witnesses or specify any necessary documents whose appearance or production would be impossible or inconvenient in New York (*see Firegreen Ltd. v Claxton*, 160 AD2d 409 [1st Dept 1990]).

Similarly, the evidence that defendant visited New York on several occasions to discuss the business of the parties' venture supports a finding that defendant's contacts with New York were sufficient to confer jurisdiction under CPLR 302 (a) (1) (*see Fabrikant & Sons v Adrianne Kahn, Inc.*, 144 AD2d 264 [1st Dept 1988]). Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.