HSBC Bank USA, N.A. v Assouline (2019 NY Slip Op 07891)





HSBC Bank USA, N.A. v Assouline


2019 NY Slip Op 07891


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-10292
 (Index No. 6327/09)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Solange Assouline, appellant, et al., defendant.


Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser and Kenneth R. Berman of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Christian Fletcher, David Dunn, and Ambica Mohabir of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Solange Assouline appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 12, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered November 18, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendant Solange Assouline was properly served pursuant to CPLR 308(4), and, thereafter, a new determination of those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered November 18, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
On April 2, 2009, the plaintiff commenced this action to foreclose a mortgage encumbering residential real property owned by the defendant Solange Assouline (hereinafter the defendant). In an order dated September 23, 2009 (hereinafter the order of reference), the Supreme Court, inter alia, granted the plaintiff's motion for leave to enter a default judgment and for an order of reference. On May 28, 2010, the court entered a judgment of foreclosure and sale. However, after obtaining that judgment, the plaintiff did not move forward with the foreclosure. By order entered May 30, 2014, the court granted the plaintiff's unopposed motion to vacate the order of reference and the judgment of foreclosure and sale. An inquest was subsequently held on September 24, 2014, and on November 18, 2014, the court entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject property.
By order to show cause dated March 23, 2016, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered November 18, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for [*2]lack of personal jurisdiction. In an order entered August 12, 2016, the Supreme Court denied the defendant's motion. The defendant appeals.
"The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff" (Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). " Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988, quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988). " Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (id., quoting U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, the plaintiff's affidavit of service constituted prima facie evidence of proper service upon the defendant (see HSBC Bank USA v Desrouilleres, 128 AD3d 1013, 1014). The plaintiff's process server, Gary Cardi, averred that he made unsuccessful attempts to serve the defendant at her home on April 3, 2009, at 4:30 p.m. and April 4, 2009, at 6:45 a.m. Cardi averred that, on April 4, 2009, at 7:10 p.m., he affixed a copy of the summons and complaint to the defendant's door. A separate affidavit of service was executed for the purpose of establishing that the summons and complaint were mailed to the defendant at the subject address.
The defendant rebutted the process server's affidavit of service through her specific and detailed affidavit, in which she averred that "[t]he [a]ffidavit of service falsely states that a copy of the Summons and Complaint was affixed to my door." The defendant's affidavit set out in great detail that the defendant was at home each time that the process server purportedly attempted service, as she was recuperating from a kidney transplant. The defendant averred that April 3, 2009, which happened to be her birthday, was a Friday, and that as an observant Jew she did not leave her home. The defendant submitted a Sabbath calendar printout showing that the sun did not set until 8:04 p.m. on April 4, 2009, approximately one hour after the process server purportedly affixed the summons and complaint to her door. The defendant averred that she never heard anyone knock at her door or ring her doorbell and that, despite various medical problems, she has no issues with her hearing. The defendant averred that her daughter came to pick her up for dinner at 8:30 p.m. on April 4, 2009, and that upon leaving her home, she did not see any documents affixed to her door. The foregoing detailed averments were sufficient to rebut the process server's affidavit and to warrant a hearing on the issue of whether service was properly made (see Sinay v Schwartzman, 148 AD3d 1068, 1070; Citibank, N.A. v Balsamo, 144 AD3d 964, 965; Velez v Forcelli, 125 AD3d 643, 644; Saxon Mtge. Servs., Inc. v Bell, 63 AD3d 1029).
Although the defendant did not deny having actual notice of the action, "[w]hen the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents" (Raschel v Rish, 69 NY2d 694, 697 [emphasis added]; see Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; Feinstein v Bergner, 48 NY2d 234, 241). "Service is only effective . . . when it is made pursuant to the appropriate method authorized by the CPLR. Actual notice alone will not sustain the service or subject a person to the court's jurisdiction [when there has not been compliance with] prescribed conditions of service" (Markoff v South Nassau Community Hosp., 61 NY2d at 288 [citations omitted]).
Contrary to the plaintiff's contention, the defendant did not make an informal appearance in this action so as to waive her objection to personal jurisdiction (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628). Correspondence from the defendant to the plaintiff's then attorney, Steven J. Baum, P.C., dated June 9, 2009, which did not reference this action but merely discussed the defendant's desire for a loan modification, did not constitute an informal appearance (see U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167; see also Whiteside v Manfredi, 132 AD3d 851, 852). Similarly, correspondence on behalf of the defendant from the law office of Elliot Elo & Associates, P.C., to the plaintiff's servicer, dated March 31, 2014, which did not [*3]reference this action and requested an opportunity to discuss settlement "prior to litigation," did not constitute an informal appearance. The fact that the letter requested to discuss settlement "prior to litigation" would imply that the defendant's attorney was not aware of this action. Accordingly, the defendant did not waive her objection to personal jurisdiction.
Our concurring colleague states: "I agree with my colleagues that where, as here, a defendant challenges the service of the summons and complaint with particularized facts in an affidavit, the better practice for the Supreme Court is to conduct an immediate hearing to timely determine the credibility of the process servers and the defendant as to whether she or he was properly served and whether the court has personal jurisdiction over that defendant" (concurrence at 1 [emphasis added]). We clarify that we make no pronouncement as to any "better practice" for trial courts deciding whether personal jurisdiction was acquired over a defendant.
The plaintiff's remaining contention is without merit.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the defendant was properly served pursuant to CPLR 308(4), and, thereafter, a new determination of those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
LEVENTHAL, J.P., BARROS and CONNOLLY, JJ., concur.
MALTESE, J., concurs, and votes to reverse the order insofar as appealed from, on the law, and to remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the defendant Solange Assouline was properly served pursuant to CPLR 308(4), and, thereafter, a new determination of those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered November 18, 2014, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, with the following memorandum:
I agree with my colleagues that where, as here, a defendant challenges the service of the summons and complaint with particularized facts in an affidavit, the better practice for the Supreme Court is to conduct an immediate hearing to timely determine the credibility of the process servers and the defendant as to whether she or he was properly served and whether the court has personal jurisdiction over that defendant. However, the quality and substance of that challenging affidavit should completely respond to all of the allegations of the process servers' affidavits of service to overcome the presumption of proper service.
Facts
In this case, the defendant Solange Assouline (hereinafter the defendant) failed to completely rebut the presumption of proper service raised by the process servers' affidavits of service. Therefore, the Supreme Court determined that the "defendant's assertions and proof are not factually or legally sufficient to support [her] request to stay the foreclosure and sale and to vacate the judgment of foreclosure and sale and related relief." However, that determination should have been made by the court after a hearing on the issue of service, not after review by an appellate court 10 years after the alleged service when the process servers and the defendant may no longer be available.
On February 20, 2007, the defendant executed a note in the principal sum of $340,000, which was secured by a mortgage on real property located in Valley Stream. Less than two years after she received the loan, the defendant stopped paying it. Therefore, on April 2, 2009, the plaintiff commenced this mortgage foreclosure action. As discussed further below, the plaintiff's process server attempted to personally serve the defendant on April 3 and April 4, 2009. After being unable to do so, the process server served the defendant pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the mortgaged premises, the defendant's place of [*4]residence, and mailing a copy of the summons and complaint to that same mortgaged premises. A second process server also mailed a copy of the summons to the mortgaged premises. The defendant failed to appear or answer the complaint. However, within two months of the service of process, the defendant sent the plaintiff's counsel a letter, dated June 9, 2009, in which she indicated that she was attempting to apply for a loan modification, which implies that she knew that the plaintiff was foreclosing on her residence.
No modification of the loan was made, and shortly thereafter the plaintiff moved, inter alia, for an order of reference. The Supreme Court granted the plaintiff's motion in an order dated September 23, 2009. On May 28, 2010, the court entered a judgment of foreclosure and sale.
Nearly four years later, the defendant's counsel sent a letter dated March 31, 2014, to the loan servicer for the mortgage. The defendant's counsel indicated that she had been retained by the defendant and that she should be contacted if the plaintiff wished to discuss settlement. Apparently, loan modification discussions ensued and by order entered May 30, 2014, the Supreme Court vacated the order of reference and the judgment of foreclosure and sale. But the parties did not agree to a loan modification. On November 18, 2014, after an inquest, the court entered a judgment of foreclosure sale.
The plaintiff scheduled a foreclosure sale for November 17, 2015. However, on that sale date, the defendant, pro se, filed a petition for chapter 13 bankruptcy, which by law imposed an automatic stay of the proceedings. The United States Bankruptcy Court for the Eastern District of New York dismissed the defendant's petition two months later on January 27, 2016. The plaintiff then rescheduled a foreclosure sale for March 29, 2016.
On March 23, 2016, six days before the scheduled sale, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered August 12, 2016, more than seven years after the date of service of the summons and complaint, the Supreme Court denied the defendant's motion. The defendant appeals from that order. By decision and order on motion dated September 21, 2018, a four-justice panel of this Court denied the defendant's motion for a stay of the sale of the mortgaged premises. In view of the fact that a panel of this Court denied the defendant's application to stay the sale of the mortgaged premises in 2018, it may have already been sold.
Discussion
This Court has held repeatedly that a process server's affidavit of service establishes a prima facie case as to the method of service and, thus, gives rise to a presumption of proper service (see Citibank, N.A. v Currier, 172 AD3d 1157; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see HMC Assets, LLC v Dhanani, 173 AD3d 700). "Although bare and unsubstantiated denials [of service] are insufficient to rebut the presumption of service, a sworn denial of service containing a detailed and specific contradiction of the allegations in the process server's affidavit [may] rebut[ ] the presumption of proper service and necessitate[ ] a hearing to determine the propriety of [the] service of the process" (Citibank, N.A. v Currier, 172 AD3d at 1158-1159 [emphasis added]; see LaSalle Bank N.A. v Calle, 153 AD3d at 802). "[H]owever, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the affidavit of service" (Wells Fargo Bank, N.A. v Leonardo, 167 AD3d at 817 [emphasis added]), which would demonstrate that the defendant did not receive either the process affixed to her door or the process mailed to her.
The legislative history of CPLR 308 reveals that its primary purpose is to provide defendants with actual notice of the litigation against them. Under analogous sections of the Civil Practice Act, which was in effect before the CPLR was enacted, a court order was required for "substituted service," including service by "affixing and mailing" (see Civ Prac Act §§ 227, 230). [*5]When the Legislature enacted the CPLR in 1962, service was permitted without a court order by either "affixing and mailing" or mailing and delivery to a person of suitable age and discretion, if personal service could not be made with due diligence (see L 1962, ch 308).
In 1970, the Legislature amended CPLR 308, such that service by mailing and delivery to a person of suitable age and discretion was permitted in the first instance, and "affix and mail" service was permitted when service by either this method or by personal delivery could not be made with due diligence (see L 1970, ch 852). One of the objectives of the amendment was to "[give] a person the best possible notification that a cause of action has been commenced against him [or her]" (Mem of Donald A. Peshkin, Bill Jacket, L 1970, ch 852 at 27). A legislative memorandum recommended that the amendment "assures notification to the defendant in a reasonable manner" and described the mailing requirement of CPLR 308(2) as an "additional safeguard," beyond what is required under the Federal Rules of Civil Procedure and the rules of the majority of states (Mem of Donald A. Peshkin, Bill Jacket, L 1970, ch 852 at 27). The Court of Appeals has noted that the Legislature retained both the affixing requirement and the mailing requirement of CPLR 308(4) when it enacted this amendment, "[p]resumably . . . in the belief that a further liberalization of the requirements for service would jeopardize the primary statutory purpose of ensuring that defendants receive actual notice of the pendency of litigation against them" (Feinstein v Bergner, 48 NY2d 234, 240 [emphasis added]).
Thus, the purpose of the dual requirements of CPLR 308(4), to affix and mail, and CPLR 308(2), service upon "a person of suitable age and discretion" and mail, is to ensure defendants receive notice that they are being sued. It should not matter which copy of the summons and complaint gives that notice, the copy affixed to the door or given to a person of suitable age and discretion, or the copy received in the mail. Receiving both copies of the summons and complaint is not necessary to receive actual notice of the lawsuit.
However, this dual method of giving notice of a lawsuit has become a battleground in challenging whether the court has obtained jurisdiction over defendants when they later claim, after a default judgment has been entered against them, that they did not receive a copy of the summons and complaint. Ordinarily, under CPLR 5015(a)(1), when a party moves to vacate a judgment based upon an excusable default, the party must demonstrate a reasonable excuse for the default, such as lack of notice or improper service of the summons and complaint, and a potentially meritorious defense. In most foreclosure actions there is no meritorious defense because the defendant has failed to pay the mortgage loan for years. Therefore, the battleground is challenging the service of the summons and complaint, notwithstanding the fact that the defendant had notice that the bank was suing to foreclose the mortgage because a defendant participated in settlement negotiations pursuant to CPLR 3408 or made other attempts to modify the mortgage loan.
Here, the plaintiff established a prima facie case as to service upon the defendant pursuant to CPLR 308(4) by submitting the affidavits of two process servers, which gave rise to a presumption of proper service. One process server averred that he attempted to personally serve the defendant at the mortgaged premises on April 3, 2009, at 4:30 p.m. and on April 4, 2009, at 6:45 a.m. On his third attempt to serve the defendant at approximately 7:10 p.m. on April 4, 2009, he served the defendant by affixing the summons and complaint to the door of the mortgaged premises, where the defendant acknowledged that she resides. The process server also averred that he confirmed with the defendant's neighbor that the defendant resided at the mortgaged premises. In compliance with CPLR 308(4), on April 9, 2009, the process server served the defendant by mailing a copy of the summons and complaint to the mortgaged premises, which is the defendant's residence and usual place of abode. In addition, a second process server averred that, on April 9, 2009, she also served the defendant by mailing a copy of the summons to the mortgaged premises where the defendant resides.
In challenging the service of the summons and complaint, the defendant here failed to provide a detailed and specific contradiction of the process servers' allegations. Regarding the attempt at service on April 3, 2009, the defendant admitted that she was home at the mortgaged premises all day on that day because she was recuperating from surgery. She [*6]merely averred that she did not hear the doorbell ring and that there was no knock on the door because she claimed she would have opened the door. Regarding the attempt at service at 6:45 a.m. on April 4, 2009, the defendant admitted that she was home and that she had "trained myself to wake up very early, so if the process server attempted to serve me that morning I would have heard the doorbell or the door knocking." Essentially, the defendant has alleged that because she did not hear the process server at her door, the process server must not have been there.
On his third attempt to effect service at the defendant's residence, the process server stated that he affixed the summons and complaint to the defendant's door at about 7:10 p.m. on April 4, 2009. The defendant claimed that when she exited her house at about 8:30 that evening to go out with her daughter for dinner, she did not see documents. However, she never did state that she did not see the summons and complaint when she returned home when she would be facing the door, nor did she ever state that the documents were not affixed to her door or if they had fallen in the doorway area. Taking the facts asserted by the defendant in her affidavit sworn to nearly seven years after the service at her residence as true, her allegations do not contradict the allegations in the process server's affidavit regarding his attempts at personal service and his affixing the summons and complaint to the door.
Regarding the mailings, the affidavits of two different process servers gave rise to a presumption that the defendant was served by mail not once, but twice, thereby complying with CPLR 308(4) and demonstrating that the primary statutory purpose of ensuring actual notice was satisfied. However, the defendant made no attempt to contradict the process servers' allegations regarding service by mail to her acknowledged residence. The defendant never swore or affirmed under penalty of perjury or by any other statement that she never received the summons and complaint in the mail. Therefore, the defendant's incomplete denials were insufficient to totally rebut the presumption of notice of the summons and complaint and jurisdiction.
The Supreme Court did not find that a hearing on the issue of service was warranted in 2016, when the defendant moved to vacate the judgment of foreclosure and sale. But now, more than 10 years after the service and after the mortgaged premises has hypothetically been sold, this Court is confronted with the same arguments made to the Supreme Court, which denied the motion to vacate the judgment. I do not dispute the requirements imposed upon the process servers under CPLR 308(4) to both affix and mail. However, the cases cited by my colleagues are distinguishable from the facts of this case. Under the facts of this case, the defendant did not completely deny that she had notice from the summons and complaint that the plaintiff was foreclosing on her premises for failure to pay the mortgage loan. Instead of timely moving to interpose a late answer, she protracted this foreclosure action for well over a decade using dilatory tactics such as filing a bankruptcy petition and other procedural delays. The Supreme Court was aware of those dilatory tactics when it denied her motion to vacate the judgment of foreclosure and sale. This Court was also aware of those tactics when the defendant sought a stay of the sale, which this Court denied.
However, the message to the Supreme Court is that the issue of personal jurisdiction should have been ruled upon after a hearing on the issue of service, where credibility could have been assessed closer in time to the alleged service that was specifically challenged in part. In 2016, the defendant raised her questionable argument that she did not know that she was being sued for not paying her mortgage loan because she did not receive the summons and complaint nearly seven years earlier. Now, after another three years, this Court is sending the case back to the Supreme Court for a hearing to examine the issues that the defendant raised in 2016.
ENTER:
Aprilanne Agostino
Clerk of the Court