Matter of Jagger v Jagger (2019 NY Slip Op 08330)





Matter of Jagger v Jagger


2019 NY Slip Op 08330


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1119.1 CAF 19-00849

[*1]IN THE MATTER OF JEANETTE L. JAGGER, PETITIONER-RESPONDENT,
v
BRYAN T. JAGGER, RESPONDENT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN LLP, ROCHESTER (MARGARET M. RESTON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SUSAN E. GRAY, CANANDAIGUA, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered January 25, 2019 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 4 seeking an order directing respondent father to pay child support for their two children, who were the subject of a prior order of support entered in Pennsylvania. A Support Magistrate granted the petition upon the father's default, and the father now appeals from an order of Family Court that denied his objections to the order of the Support Magistrate. In his objections, the father argued, inter alia, that the court lacked personal and subject matter jurisdiction. We conclude that the appeal must be dismissed. "[T]he proper procedure to challenge an order entered upon a default is by way of a motion to vacate the default pursuant to CPLR 5015 (a) rather than by way of the filing of objections pursuant to Family Court Act § 439 (e)" (Matter of Chautauqua County Dept. of Social Servs. v Rita M.S., 94 AD3d 1509, 1510 [4th Dept 2012]; see Matter of Bowman v Muniz, 172 AD3d 1491, 1492 [3d Dept 2019]; Matter of Delong v Bristol [appeal No. 1], 117 AD3d 1566, 1566 [4th Dept 2014], lv denied 24 NY3d 909 [2014]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court